# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 26, 2023

Lyle W. Cayce
Clerk

———————

No. 20-40754

———————

Laveria Harper, *Personal Representative of the Estate of Arther McAfee, Jr. and Lorine McAfee*,

*Plaintiff—Appellee*,

*versus*

Jeff McAndrews,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 2:18-CV-520

———————————————————

Before King, Smith, and Elrod, *Circuit Judges*.

Per Curiam:[*]

In response to Plaintiff's excessive-force claim, Sergeant Jeff McAndrews asserted qualified immunity and moved for summary judgment. The district court denied the motion, holding that there was a genuine dispute of material fact as to what happened when Arther McAfee was shot and killed. Because we lack jurisdiction over that fact dispute, we DISMISS the appeal.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 20-40754

\*        \*        \*

At the core of this case is a disagreement as to what happened when McAndrews conducted a welfare check on McAfee. The parties agree that Ollie Holman, McAfee's sister, called the Harrison County Sheriff's Office, reporting that the McAfee was not answering phone calls or responding to knocks on his door. They also agree that Lorine McAfee, another of Arther's sisters, accompanied McAndrews when he arrived to conduct the welfare check. And the parties agree that, upon entering McAfee's residence, McAfee attacked McAndrews and Lorine. At some point thereafter, McAndrews shot and killed McAfee.

The key issue is whether McAfee posed a threat of serious harm at the time that McAndrews shot him. The parties agree that McAfee was not subdued or acquiescing. In this regard, McAndrews maintains that McAfee had seized McAndrews's taser and was reaching for his firearm. But McAfee's estate contends that McAfee was lying down and not posing an immediate threat. Its principal evidence for this assertion is an unsworn statement that Lorine, now also deceased, made to an investigating Texas Ranger. She said that, when McAfee was shot, he was lying down with Lorine holding his legs. Among other things, Lorine also stated that "[her] memory ain't that good" and that she is a "forgetful person." The district court determined that there was a genuine dispute of material fact as to the circumstances that existed with McAndrews shot McAfee. It also allowed consideration of Lorine's statement under the residual exception to hearsay. Fed. R. Evid. 807.

We conclude that we lack jurisdiction over this interlocutory appeal. As a general matter, we have jurisdiction to consider an appeal from the denial of a qualified-immunity defense asserted in a motion for summary judgment. *Ducksworth v. Landrum*, 62 F.4th 209, 212 (5th Cir. 2023). But where the district court determines that a genuine dispute of material fact exists, we

lack jurisdiction to review the dispute's "genuineness." *Byrd v. Cornelius*, 52 F.4th 265, 270 (5th Cir. 2022) (quoting *Wagner v. Bay City*, 227 F.3d 316, 320 (5th Cir. 2000)). Then, jurisdiction extends only to "the legal question of whether the genuinely disputed factual issues are material for the purposes of summary judgment." *Ducksworth*, 62 F.4th at 212; *see also Kinney v. Weaver*, 367 F.3d 337, 346 (5th Cir. 2004) (*en banc*) ("Our jurisdiction is significantly limited, however, for it extends to such appeals only 'to the extent that [the denial of summary judgment] turns on an issue of law.'") (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985)).

We do not address whether the district court abused its discretion in considering Lorine's statement.[1] That is so because, even without the statement, there is a material fact dispute as to what precisely happened when McAndrews shot McAfee and whether deadly force was needed at that time. On the one hand, McAndrews offers his own testimony and a ballistics report, both of which support the assertion that McAfee was standing up (and posing a threat) at the critical time. But on the other, the Estate points to the location where McAndrews's taser was recovered—away from the struggle—arguing that this supports Lorine's assertion that she pushed the taser away and that McAfee did not have it. In addition, McAndrews's body-camera video was obscured during the encounter, so it does not clarify the events.

Accordingly, what remains is a genuine dispute of material fact. We

---

[1] However, we are compelled to emphasize that "[t]he residual hearsay exception 'is to be used only rarely, in truly exceptional cases.'" *United States v. Walker*, 410 F.3d 754, 757 (5th Cir. 2005) (quoting *United States v. Phillips*, 219 F.3d 404, 419 n.23 (5th Cir. 2000) (other citation and internal quotation marks omitted); *see also United States v. El-Mezain*, 664 F.3d 467, 498 (5th Cir. 2011) (same); *United States v. Turner*, 561 F. Appx. 312, 320 (5th Cir. 2014) (same); *Bedingfield v. Deen*, 487 F. Appx. 219, 228 (5th Cir. 2012) (same). We express no opinion as to whether the evidence that might be presented at trial would sufficiently guarantee the trustworthiness of Lorine's unsworn statement, such that it would be admissible under the infrequently-used residual exception to hearsay.

lack jurisdiction to review such a dispute.  As such, we must dismiss the appeal. *Ducksworth*, 62 F.4th at 213; *Bryd*, 52 F.4th at 274.

The appeal is DISMISSED for lack of jurisdiction.